UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

HALA O. MAYERS,
                    *Plaintiff-Appellant,*

v.

WASHINGTON ADVENTIST HOSPITAL;
ADVENTIST HEALTH CARE; FRED
MORGAN, Director of Patient
Financial Services, Adventist Health
Care,

                    *Defendants-Appellees.*

JOHN KARLEY,

                    *Movant.*

No. 01-1467

Appeal from the United States District Court
for the District of Maryland, at Greenbelt.
Alexander Williams, Jr., District Judge.
(CA-99-3549-AW)

Submitted: October 31, 2001

Decided: November 19, 2001

Before WILLIAMS and TRAXLER, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

## COUNSEL

Dennis A. Baird, Silver Spring, Maryland, for Appellant. Frank C.
Gulin, Jeffrey J. Pargament, PILIERO, MAZZA & PARGAMENT,
Washington, D.C., for Appellees.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

Hala O. Mayers appeals the district court's order granting summary judgment in favor of the Defendants in this employment discrimination action brought under the Americans with Disabilities Act (ADA). 42 U.S.C.A. §§ 12101-12213 (West 1995 & Supp. 2001). Mayers also appeals the district court's ruling dismissing her state law contract claim. Mayers alleged that she was terminated from her position with the Washington Adventist Hospital either as a result of disability stemming from her substantial impairment brought on by her allergy-induced asthma or because her employers regarded her as disabled and substantially impaired by her asthma. Mayers argues that either reason for her termination would violate the ADA and breach her employment contract with the hospital. The district court ultimately concluded that Mayers could not demonstrate that she was disabled under the ADA or that her employers regarded her as disabled. The court also found that Mayers had not exhausted her reasonable accommodation claim under the Act and that the Defendants had not breached Mayers' "at-will" employment contract. Finding no error in the district court's order, we affirm the grant of summary judgment.

The district court correctly determined that Mayers could not establish a disability under 42 U.S.C. § 12102(2) because she failed to demonstrate a substantial limitation to the major life activities of either breathing, *Muller v. Costello*, 187 F.3d 298, 314 (2d Cir. 1999) (citing *Sutton v. United Air Lines, Inc.*, 527 U.S. 471, 482 (1999)), or working. *Webb v. Clyde L. Choate Mental Health & Dev. Ctr.*, 230 F.3d 991, 997 (7th Cir. 2000). Neither did the district court err in concluding that Mayers failed to create a genuine issue of material fact with respect to whether her employer regarded her as disabled. *Sutton*, 527 U.S. at 489. The district court also correctly limited Mayers' judicial complaint to those allegations contained in her charge before the EEOC. *Evans v. Technologies Applications & Serv. Co.*, 80 F.3d 954,

962-63 (4th Cir. 1996). Consequently, the court did not err in dismissing those additional claims as unexhausted. *Taylor v. Virginia Union Univ.*, 193 F.3d 219, 239 (4th Cir. 1999). Finally, there is no merit to Mayers' contention that the employees' handbook at the hospital modified her "at-will" employment contract. *Zahodnick v. International Bus. Mach. Corp.*, 135 F.3d 911, 914-15 (4th Cir. 1997). The district court correctly granted summary judgment in favor of the Defendants on this claim.

Accordingly, we affirm the district court's award of judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*